IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER ALLEN and LAURA ALLEN,

    Plaintiffs,

v.                                Civil Action No. 5:05CV88
                                            (STAMP)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
a foreign corporation,
STANLEY REGER a/k/a ANDY REGER
and KIRIA V. GRIFFITH,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
DENYING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE, AND DENYING
AS MOOT THE JOINT MOTION FOR CONTINUANCE**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants in which the defendants attempt to ground federal jurisdiction in diversity of citizenship. It is undisputed that, for purposes of determining diversity, the plaintiffs are citizens of West Virginia, Nationwide Mutual Fire Insurance Company ("Nationwide") is an Ohio corporation, and Kiria Griffith ("Griffith") is a citizen of Ohio. The disagreement in this case focuses on the citizenship of defendant, Stanley Reger a/k/a Andy Reger ("Reger"), and the implications of such citizenship on the jurisdiction of this Court.

## II. Facts

This action originated in the Circuit Court of Marshall County, West Virginia. Plaintiffs filed a complaint against Nationwide in that court on April 13, 2005. A few days later, on April 20, 2005, the plaintiffs filed an amended complaint adding Reger, Griffith, and Todd Schau[1] as defendants. At both times that these complaints were filed, defendant Reger was a resident of West Virginia. However, on May 31, 2005, Reger started a new job in Columbus, Ohio and since that time has resided in Ohio.

On June 28, 2005, the defendants removed the action to this Court. At the time of removal, all defendants except for Reger had been served with a copy of the amended complaint.[2] The plaintiffs filed a motion to remand on July 12, 2005 asserting that complete diversity does not exist because at the time the complaint and amended complaint were filed, Reger was a citizen of West Virginia. The defendants responded on August 8, 2005, contending that jurisdiction is proper because Reger was not served prior to

---

[1] Todd Shau was voluntarily dismissed from this case by the plaintiffs. The Circuit Court of Marshall County entered an order to that effect on May 16, 2005.

[2] Circuit court records indicate that the amended complaint was sent to Reger via certified mail on April 22, 2005 and was signed for by Susan Wiles. The defendants assert, and Reger has filed an affidavit to that effect, that Susan Wiles, a secretary in Nationwide's Westover, West Virginia office, did not have authority to accept service on Reger's behalf. Therefore, service on Reger was not effected until July 28, 2005, when counsel agreed to accept service on Reger's behalf.

removal. The plaintiffs filed a reply on August 18, 2005 and a supplemental reply on July 18, 2006. On June 8, 2006, the defendants filed a motion for summary judgment. The plaintiffs responded to the motion for summary judgment on June 22, 2006, and the defendants replied on June 28, 2006. On October 4, 2006, the parties filed a joint motion to continue trial.

III. Analysis

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. The defendants assert the latter ground for jurisdiction in this case.

A district court has diversity jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Diversity of citizenship between the parties must be complete in order for jurisdiction to be conferred on the federal courts. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). In order for complete diversity to be established, none of the defendants can be a citizen of the same state as any of the plaintiffs. Id. The party seeking removal bears the burden of

3

establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

In this case, defendant Reger was a citizen of West Virginia when this action was filed in state court and a citizen of Ohio when this action was removed. The defendants' argument in support of diversity jurisdiction appears to be twofold: (1) that diversity need only exist at the time of removal in order for diversity jurisdiction to be proper and (2) that even if diversity is also measured at the time the action was filed in state court, removal is nonetheless proper here because Reger was not "properly joined and served" in this case at the time the notice of removal was filed.

First, the defendants' statement of the rule regarding when diversity must exist for purposes of removal is inaccurate. The United States Court of Appeals for the Fourth Circuit has stated that to support diversity jurisdiction in removed cases, "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989)(citing 14A Wright, Miller, & Cooper, Federal Practice and Procedure § 3723 (1985)). The purpose of requiring diversity to exist at both times is to prevent a nondiverse defendant from

4

changing domiciles after the action is filed and then seeking removal on the basis of a newly created diversity of citizenship. Wright, Miller, & Cooper, Federal Practice and Procedure §3723 (1998).

Much of the authority cited by the defendants for the contrary proposition -- that the time of removal is the only relevant time -- is distinguishable or has been selectively quoted. For instance, the defendants cite Federal Practice and Procedure § 3723, as support for the assertion that jurisdiction must be ascertained at the time of removal only.[3] However, in the paragraph following the one quoted by the defendants, the authors go on to say that "there is a long line of authority supporting the proposition that when diversity of citizenship is the basis of asserting removal jurisdiction, it must exist not only at the time the original action is filed in the state court, but also at the time removal is sought to federal court." Wright, Miller, & Cooper, Federal Practice and Procedure §3723 (1998); See also, e.g., United Food Local 919 v. Centermark Properties, 30 F.2d 298, 301 (2d Cir. 1994); Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001); Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).

---

[3]Defendants quoted the following in their response brief: "The usual rule is that removability is determined from the record before the court at the time the notice of removal (formerly the petition) is filed in federal court . . . ." Wright, Miller, & Cooper, Federal Practice and Procedure §3723 (1998).

Therefore, the rule that will be applied by this Court is that diversity must exist both when the action was filed and removed. Because Reger was a citizen of West Virginia at the time the instant action was filed, diversity jurisdiction does not rest in this Court.

Nonetheless, the defendants argue that a different result is compelled by 28 U.S.C. § 1441(b) because Reger did not receive service of the amended complaint until after the notice of removal was filed. The defendants assert that § 1441(b) supports removal as long as none of the defendants "properly <u>joined and served</u>" is a citizen of the forum state. Because Reger was not served before this action was removed, the defendants argue that he should be ignored for purposes of ascertaining diversity jurisdiction. However, defendants' reliance on § 1441(b) to sustain diversity jurisdiction in this case misapprehends the meaning of that subsection.

Under § 1441, two requirements must be satisfied before a case may be removed to federal court on the basis of diversity jurisdiction: (1) the parties must be completely diverse, and (2) none of the properly joined and served defendants can be a citizen of the state in which the suit is brought. <u>See</u> 28 U.S.C. § 1441(a)-(b). The no-local-defendant rule established by § 1441(b) does not qualify the requirement of complete diversity. <u>Pecherski v. General Motors Corp.</u>, 636 F.2d 1156, 1160 (8th Cir.

1981).  Rather, "it further limits jurisdiction based on diversity of citizenship" by requiring that defendants who have been served cannot reside in the forum state.  Id.  Thus, "the residency limitation of § 1441(b) is not triggered unless, and until, there is diversity jurisdiction."  Wensil v. E.I. Dupont de Nemours & Co., 792 F. Supp. 447, 448 (D.S.C. 1992); see also Wagstaffe, Tashima, & Schwarzer, Federal Civil Procedure Before Trial, § 2:641 (2006).

In this case, § 1441(b) does not apply because the parties are not completely diverse.  When the complaint was filed, defendant Reger and plaintiffs, Christopher and Laura Allen, were citizens of West Virginia.  Because, as discussed above, complete diversity must exist at both the commencement and the removal of an action, such diversity is absent here.  Therefore, it is irrelevant that Reger was not served prior to removal.[4]

## V. Conclusion

For the above-stated reasons, this Court concludes that it does not have diversity jurisdiction over this case because the parties are not completely diverse.  Accordingly, the motion to remand of plaintiffs, Christopher Allen and Laura Allen, is

---

[4]In cases where complete diversity does exist, however, the timing of service is pivotal to removal because where a "local" defendant is named, nonresident defendants may remove to federal court only before that defendant is served.  Wagstaffe, Tashima, & Schwarzer, Federal Civil Procedure Before Trial, § 2:626 (2006).

GRANTED. As a result, the defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE and the parties' joint motion for continuance is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED: October 24, 2006

                                         /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE